JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CHRISTOPHER HART,

                  Plaintiff,

     v.

SELECT PORTFOLIO SERVICING, INC.;
et al.,

                  Defendants.

CASE NO.  CV 15-7953-R

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS

Before the Court is Defendants' Motion to Dismiss, which was filed on October 16, 2015. Having been thoroughly briefed, this Court took the matter under submission on November 30, 2015.

On a motion to dismiss, the trial court takes all well-pleaded facts in the Complaint to be true and determines whether, based upon those facts, the Complaint states a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). *See Alperin v. Vatican Bank*, 410 F.3d 532, 541 (9th Cir. 2005). To state a claim, the Complaint must contain factual assertions which make the claimed relief not merely possible, but "plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although factual assertions are taken

as true, the court does not accept legal conclusions as true. *Id.*

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper only when a complaint exhibits either a "(1) lack of a cognizable legal theory or (2) the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Under the heightened pleading standards of *Twombly* and *Iqbal*, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," so that the defendant receives "fair notice of what the…claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 570. The Plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. The court will not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. . . ." *Id.*

Plaintiff's first cause of action is for violation of the California Homeowners Bill of Rights ("HBOR") sections 2923.5, 2923.7 and 2934(a). Under section 2923.5, before a lender can record a notice of default, they are required to either "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure," or the lender can still satisfy this requirement if such "failure to contact the borrower occurred despite the due diligence of the mortgage servicer." Cal. Civ. Code § 2923.5. Further, a plaintiff must also allege that they suffered prejudice as a result of the defendant's failure to provide the requisite notice. *See Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1186-87 (N.D. Cal. 2009).

Plaintiff's Complaint alleges a total absence of such notices from Defendants. Defendants on the other hand have provided the Court with a copy of the recorded Notice of Default, which contains a broad statement of compliance with Cal. Civ. Code § 2923.55. While factual allegations are taken in favor of the non-moving party, Plaintiff's Complaint does not state any prejudice as a result of the alleged lack of notice, nor can it. In the event of a breach, § 2923.5 provides only one remedy: delay of a pending foreclosure sale to allow the lender to comply with the statute. *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 214 (2010). Because Plaintiff has failed to allege any prejudice and is clearly on notice of the impending foreclosure sale, Plaintiff's claim for violation

1    of § 2923.5 fails as a matter of law.

2        Plaintiff next alleges a violation of § 2923.7, which requires that "upon request from a

3    borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly

4    establish a single point of contact …." Cal. Civ. Code § 2923.7(a). As clearly written in the

5    statute, the requirement to appoint the contact is triggered only when the borrower makes a

6    specific request for a single point of contact. *Williams v. Wells Fargo Bank, N.A*., 2014 WL

7    1568857, *8 (C.D. Cal. Jan. 27, 2014). Plaintiff's Complaint does not allege any such request that

8    would trigger this statute; therefore, Defendants had no obligation under § 2923.7. Accordingly,

9    Plaintiff's claim for violation of § 2923.7 fails.

10       Plaintiff's second cause of action attempts to quiet title to the property as of November 30,

11   2007 through adverse possession. It is true that Plaintiff has occupied the property openly and

12   notoriously for five uninterrupted years; however, during all those years Plaintiff maintained legal

13   possession of the property. "A mortgage does not give the mortgagee the right of possession in the

14   absence of a special agreement; hence where a mortgagor stays in possession (as here), the adverse

15   possession statute does not begin to run in his favor until foreclosure and, in the instant case, the

16   delivery of the trustee's deed." *Harvey v. Nurick*, 268 Cal. App. 2d 213, 215 (Ct. App. 1968)

17   (citing *Comstock v. Finn*, 13 Cal. App. 2d 151, 157 (1936)). It would be utterly absurd, as well as

18   disastrous, for courts to allow borrowers to obtain title against their lenders through adverse

19   possession. Plaintiff's second cause of action is therefore dismissed.

20       Plaintiff's third cause of action is for negligent misrepresentation. Negligent

21   misrepresentation requires the existence of a legal duty, imposed by contract or otherwise. *Eddy v.*

22   *Sharp*, 199 Cal. App. 3d 858, 864 (1988). California courts have repeatedly held, however, that in

23   the mortgage loan context, there is no fiduciary duty or duty of care owed to a borrower where an

24   institution's involvement in the loan transaction "does not exceed the scope of its conventional

25   role as a mere lender of money." *Nymark v. Heart Fed. Savings & Loan Assoc*., 231 Cal. App. 3d

26   1089, 1096 (1991). Because the Defendants involvement with the Plaintiff does not exceed the

27   scope of a conventional loan of money, there is no legal duty to support Plaintiff's claim for

28   negligent misrepresentation.

Plaintiff's fourth claim is for slander of title. "The elements of the cause of action for slander of title are: (1) publication, (2) falsity, (3) absence of privilege, and (4) disparagement of another's land which is relied upon by a third party and which results in a pecuniary loss." *Fimbres v. Chapel Mortg. Corp.*, 2009 WL 4163332, at *12 (S.D. Cal. Nov. 20, 2009). Because Plaintiff's Complaint fails to identify any third party, let alone any detriment to Plaintiff, Plaintiff's claim for slander of title is dismissed.

Plaintiff's sixth cause of action is for improper foreclosure procedure. Plaintiff alleges that Defendants Bank of America, Select Portfolio Servicing, and National Default Servicing Corporation have no interest in the note and therefore have no right to foreclosure based on a "fraudulent purported [a]ssignment." Plaintiff has therefore attacked the present foreclosure proceeding based on this alleged improper assignment; however, Plaintiff lacks standing to challenge the assignment. Under California law, it is well settled that only a party to a contract can enforce the contract. *Gantman v. United Pac. Ins. Co.*, 232 Cal. App. 3d 1560, 1566 (1991). In the absence of an exception, Plaintiff lacks standing to assert his complaints regarding the purported fraudulent assignment; therefore Plaintiff's claim for improper foreclosure procedure is dismissed.

Plaintiff's seventh, eighth, eleventh, and twelfth causes of action for equitable relief (cancellation of instrument, rescission in equity, declaratory relief and injunctive relief) likewise fail because Plaintiff has not alleged tender of the loan balance. To obtain equitable relief in this situation, "as a condition precedent . . . the borrower must offer to pay the full amount of the debt for which the property was security." *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 112 (2011). Plaintiff has not alleged that he offered to pay nor that he tendered the balance due on the loan and therefore has failed to establish the requisite element of his equitable claims. Plaintiff's seventh, eighth, eleventh, and twelfth causes of action are dismissed.

Plaintiff's Complaint also contains a claim for violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691; however, Plaintiff's factual allegations are inadequate under Federal Rule of Civil Procedure 8(a)(2). Rule 8 requires that a complaint give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Plaintiff's Complaint does no such thing. Plaintiff does nothing more than assert broad conclusory allegations This is all

4

compounded by the fact that Plaintiff simply lumps all the Defendants together and fails to plead actual facts that specify which Defendant is allegedly responsible for the wrongful conduct. Plaintiff's claim for violation of EOCA is therefore dismissed.

Plaintiff's ninth cause of action is for violation of the Fair Debt Collection Practices Act ("FDCPA"), title 15 U.S.C. § 1692a(3). In copy pasting the title's language, Plaintiff failed to include subsection six, which states that a 'debt collector' under the Act "does not include the consumer's creditors, a mortgage servicing company, or any assignee of debt," which is precisely what Defendants in this action are. Plaintiff's ninth cause of action is therefore dismissed.

Plaintiff's final claim is for violation of Business and Professions Code § 17200. Section 17200 requires the plaintiff to allege that the defendant engaged in an "unlawful, unfair, or fraudulent business act or practice" as well as injury and lost money or property. Bus. & Prof. Code § 17204. A violation of the unlawful prong requires an underlying violation of the law. *See Krantz v. BT Visual Images, LLC*, 89 Cal. App. 4th 164, 178 (2001). Because this Court has already dismissed all other causes of actions alleged in Plaintiff's Complaint, there can be no underlying violation of the law. Accordingly, Plaintiff's claim for violation of § 17200 is dismissed.

A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency. *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). Even if the Complaint is broadly construed and the truth of the allegations are assumed, there is no basis for concluding that Plaintiff's claims can be saved by amending the Complaint. Because the Court does not believe the deficiencies of Plaintiff's Complaint can be cured by amendment, no leave to amend will be permitted.

/ / / / / / /

/ / / / / / /

/ / / / / / /

/ / / / / / /

/ / / / / / /

5

1       **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is GRANTED.  (Dkt.

2  No. 10).

3       **IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand is DENIED. (Dkt. No.

4  14).

5  Dated: December 9, 2015.

6

7                              _____

8                                MANUEL L. REAL
                                 UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28